Frank N. Odorisi, Esq. Village Attorney, East Rochester
The facts, as transmitted by your letter and in telephone conversations, are that effective January 1, 1981, the Town of East Rochester was created to be coterminous with the Village of East Rochester. A majority of the voters of the village decided that the coterminous town-village should operate principally as a village (Village Law, §17-1703-a [1]). The village had a village justice and an acting village justice. You ask whether section 17-1703-a (3) (c) of the Village Law applies to the office of town justice in the coterminous Town and Village of East Rochester. Second, you ask whether, by local law, the provisions of the section may be altered.
You raise no questions regarding the creation of the town and the effective date of creation. We assume from your letter that the Town of East Rochester was properly created, effective January 1, 1981, to be coterminous with the Village of East Rochester. Section 17-1703-a governs the filling of offices and the election of officers in a town created to be coterminous with a village. If the voters of the village decide that the local government is to operate principally as a village (id., § 17-1703-a [1]), subdivision three of that section imposes specific guidelines for the filling of offices and the election of officers. You ask how that applies in filling the office of town justice in the coterminous Town and Village of East Rochester. (It appears that the impact of the decision to be principally a town or a village is to determine whether elections are to be conducted as town or village elections. In both cases, the offices are town offices.)
Section 17-1703-a (3) (c) provides the procedures for filling the office of town justice substantially as follows. Upon the effective date of the creation of the town, the office of town justice exists and is vacant. The mayor and trustees of the village constitute the supervisor and town board until their successors are elected and have commenced their terms (id., § 17-1703-a [2]). The existing village justices are to be appointed by the interim town board until the end of the calendar year to fill the vacancies in the office of town justice. If there is but one village justice, the town board is to appoint a second town justice for the remainder of the calendar year. The town justices so appointed may not serve beyond the end of the calendar year, notwithstanding that they may have been appointed or elected as village justices for a longer term. Town justices are to be elected at the next village election following the effective date of the creation of the town, for the balance of the unexpired terms. Since appointments will have been made, the terms of those elected will be three years, that is, the balance of the four-year term mandated by the State Constitution for the office of town justice (NY Const, Art VI, § 17 [d]). Thereafter, town justices are to be elected at village elections for four-year terms commencing on the first day of January (commencement date mandated by New York Constitution, Article VI, § 17 [d]). All elections conducted by a local government operating principally as a village are village elections to be held at the time and place required by law for village elections.
Applying the East Rochester facts, the office of town justice came into existence upon creation of the town on January 1, 1981. The town board should have appointed the village justice to fill one of the vacancies in the office of town justice and a second town justice to fill the other vacancy. The appointees will serve until December 31, 1981. The next village election is in March, 1981, at which two town justices will be elected for the balance of the unexpired four-year terms, until December 31, 1984. Thereafter, town justices will be elected at regular village elections in March and will take office on the first day of January following the election.
Regarding your other guestion, it is our opinion that a local government, by local law, may not alter the provisions of section 17-1703-a (3). There is no local law power in relation to creation and organization of new towns (Municipal Home Rule Law, § 10). This area is the province of the State Legislature (NY Const, Art IX, § 2
[a]). In addition, section 17-1703-a (3) (c) implements the constitutional requirements that town justices serve four-year terms commencing on the first day of January (NY Const, Art VI, § 17 [d]). Constitutional provisions may not be superseded by local law (Municipal Home Rule Law, § 10).
We conclude that upon the creation of the Town of East Rochester to be coterminous with the Village of East Rochester, the coterminous town and village must follow the provisions of section 17-1703-a (3) (c) of the Village Law.